UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY ALLEN VARNEY,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.
_______________________________/

CIVIL ACTION NO. 10-11082

DISTRICT JUDGE GERALD E. ROSEN

MAGISTRATE JUDGE MARK A. RANDON

**REPORT AND RECOMMENDATION**
**ON CROSS-MOTIONS FOR SUMMARY JUDGMENT**

## I. PROCEDURAL HISTORY

### *A. Proceedings in this Court*

On March 17, 2010, Plaintiff filed the instant suit seeking judicial review of the Commissioner's decision disallowing benefits (Dkt. No. 1). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), this matter was referred to the undersigned for the purpose of reviewing the Commissioner's decision denying Plaintiff's claim for a period of disability and Disability Insurance benefits (Dkt. No. 2). This matter is currently before the Court on cross-motions for summary judgment (Dkt. Nos. 7, 10).

### *B. Administrative Proceedings*

Plaintiff filed the instant claims on September 26, 2007, alleging that he became unable to work on April 1, 2003 (Tr. 13, 94-96). The claim was initially disapproved by the Commissioner on November 27, 2007 (Tr. 13, 53-56). Plaintiff requested a hearing and, on November 26, 2008, Plaintiff appeared with counsel before Administrative Law Judge (ALJ) Ayrie Moore, who

considered the case *de novo*. In a decision dated June 25, 2009, the ALJ found that Plaintiff was not disabled (Tr. 10-21). Plaintiff requested a review of this decision on July 10, 2009 (Tr. 7-9). The ALJ's decision became the final decision of the Commissioner when, after the review of additional exhibits[1] (11F, Tr. 471-477), the Appeals Council, on January 12, 2010, denied Plaintiff's request for review (Tr. 1-4).

In light of the entire record in this case, I find that substantial evidence supports the Commissioner's determination that Plaintiff is not disabled. Accordingly, it is **RECOMMENDED** that Plaintiff's motion for summary judgment be **DENIED**, Defendant's motion for summary judgment be **GRANTED**, and that the findings and conclusions of the Commissioner be **AFFIRMED**.

## II. STATEMENT OF FACTS

### *A. ALJ Findings*

Plaintiff was 53 years old on the date he was last insured (Tr. 19). Plaintiff's relevant work history included past work as a carpenter/remodeling carpenter and contractor/owner (Tr. 19). The ALJ applied the five-step disability analysis to Plaintiff's claim and found at step one that Plaintiff had not engaged in substantial gainful activity since April 1, 2003 (Tr. 15). At step two, the ALJ found that Plaintiff had the following "severe" impairments: recurrent gastroenteritis. *Id.* At step three, the ALJ found no evidence that Plaintiff's combination of impairments met or equaled one of the listings in the regulations (Tr. 16). Between steps three and four, the ALJ found that Plaintiff had

[1] In this circuit, where the Appeals Council considers additional evidence but denies a request to review the ALJ's decision, since it has been held that the record is closed at the administrative law judge level, those "AC" exhibits submitted to the Appeals Council are not part of the record for purposes of judicial review. *See Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993); *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996). Therefore, since district court review of the administrative record is limited to the ALJ's decision, which is the final decision of the Commissioner, the court can consider only that evidence presented to the ALJ. In other words, Appeals Council evidence may not be considered for the purpose of substantial evidence review.

the Residual Functional Capacity (RFC) to perform "a full range of work at all exertional levels. However, [Plaintiff] had occasional abdominal cramping and when that occurred, he was unable to sustain concentration, persistence, and pace on more than simple work tasks because of pain." *Id.* At step four, the ALJ found that Plaintiff could not perform his previous work as a carpenter/remodeling carpenter (which is categorized as requiring "medium" exertion at the skilled level) or contractor/owner (which is categorized as requiring "light" exertion at the skilled level). Specifically, the ALJ found that Plaintiff's prior work was "skilled" work, whereas Plaintiff's RFC limits him to "unskilled" work. (Tr. 19). At step five, the ALJ denied Plaintiff benefits, based on an application of the "Grids," in particular Medical-Vocational Rule 204.00. The ALJ also found – based on the testimony of a vocational expert – that Plaintiff could perform a significant number of jobs available in the national economy, such as industrial cleaner (71,000 jobs) (Tr. 20).

***B. Administrative Record***

As noted earlier, Plaintiff alleges that he became disabled beginning April 1, 2003 (Tr. 13). Plaintiff's insured status, for purposes of being entitled to receive Disability Insurance benefits, expired on September 30, 2003 (Tr. 13, 24, 97). *See* 42 U.S.C. §§ 423(a)(1)(A), 423(c)(1); *see also* 20 C.F.R. § 404.130 (In order to qualify for disability benefits, a claimant must have disability insured status). The expiration of Plaintiff's insured status is also known as his "date last insured." Thus, for purposes of Disability Insurance benefits, Plaintiff bore the burden of showing that he became disabled prior to his date last insured of September 30, 2003. *See Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990), (citing *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988)) (claimant must show that he became disabled on or before his date last insured). At the hearing, Plaintiff's counsel stated, "obviously the knee and hernia came on after September, '03, so it's

strictly the Crohn's disease" that was the disabling impairment before Plaintiff's date last insured (Tr. 26).

There is a dearth of medical evidence in this case. In fact, during the six month relevant time period under consideration in this case (April 1, 2003 – September 30, 2003), there are no medical records or documentation of any treatment. Indeed, at the hearing the ALJ pointed out to Plaintiff's counsel that "[w]ell, there is no evidence for the Agency to have considered during that period of time" (Tr. 26). Furthermore, at the hearing Plaintiff testified that he was not diagnosed with Crohn's disease until ***after*** his date last insured – *i.e.* around 2004 or 2005 (Tr. 33-34). Plaintiff also testified that he was treated three times during the relevant time period, twice in the emergency room and then once at the doctor's office (prior to being sent and admitted to the hospital), but he stated that the emergency room did not provide any kind of treatment and he was not taking any medications at that time (Tr. 36-37).

Further, Plaintiff testified that during the relevant time period, he had a driver's license and was able to drive (Tr. 30). Plaintiff also testified that he could lift 25 to 40 pounds; he had no problems sitting; and he had no problems standing or walking during the relevant period under consideration (Tr. 37). Plaintiff testified that when he did experience severe abdominal cramping, during the relevant time period under consideration, he "would nearly double over" or "go down on [his] knees" in pain (Tr. 34). He indicated that this would happen two to three times a week, but that the pain would subside after about 10 to 15 minutes (Tr. 34-35). He stated that he was able to do his normal activities except for when he had an episode of stomach cramping (Tr. 37). In addition, Plaintiff testified that his doctor never provided any work limitations during the relevant time period under consideration (Tr. 38).

### *C. Plaintiff's Claims of Error*

Plaintiff raises a single argument on appeal – that the ALJ "erred as a matter of law by using Medical- Vocational Rule 204.00 in denying [him] benefits." Pl.'s. Br. at 6.

## III. DISCUSSION

### *A. Standard of Review*

In enacting the Social Security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary merely reviews the agency determination for exceeding statutory authority or for being arbitrary and capricious. *See Sullivan v. Zebley*, 493 U.S. 521 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *See Bowen v. Yuckert*, 482 U.S. 137 (1987). If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Id.*; *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir. 1986).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc.*

*Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may...consider the credibility of a claimant when making a determination of disability."); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, particularly since the ALJ is charged with observing the claimant's demeanor and credibility.") (quotation marks omitted); *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence."). "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers*, 486 F.3d at 247, quoting, Soc. Sec. Rul. 96-7p, 1996 WL 374186, *4.

If supported by substantial evidence, the Commissioner's findings of fact are conclusive. 42 U.S.C. § 405(g). Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475. "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted), citing, *Mullen*, 800 F.2d at 545.

The scope of this Court's review is limited to an examination of the record only. *See Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the

evidence in the record as a whole, including that evidence which might subtract from its weight. *See Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that either the ALJ or the reviewing court must discuss every piece of evidence in the administrative record. *See Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. Appx. 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed.Appx. 521, 526 (6th Cir. 2006).

***B. Governing Law***

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994); *accord, Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed.Appx. 515, 524 (6th Cir. 2003). There are several benefits programs under the Act, including the Disability Insurance Benefits Program ("DIB") of Title II (42 U.S.C. §§ 401 *et seq.*) and the Supplemental Security Income Program ("SSI") of Title XVI (42 U.S.C. §§ 1381 *et seq.*). Title II benefits are available to qualifying wage earners who become disabled prior to the expiration of their insured status; Title XVI benefits are available to poverty stricken adults and children who become disabled. F. Bloch, *Federal Disability Law and Practice* § 1.1 (1984). While the two programs have different eligibility requirements, "DIB and SSI are available only for those who have a 'disability.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). "Disability" means:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); *see also*, 20 C.F.R. § 416.905(a) (SSI).

The Commissioner's regulations provide that disability is to be determined through the application of a five-step sequential analysis:

> Step One: If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two: If the claimant does not have a severe impairment or combination of impairments, that "significantly limits...physical or mental ability to do basic work activities," benefits are denied without further analysis.
>
> Step Three: If the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education or work experience.
>
> Step Four: If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.
>
> Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that the claimant can perform, in view of his or her age, education, and work experience, benefits are denied.

*Carpenter v. Comm'r of Soc. Sec.*, 2008 WL 4793424 (E.D. Mich. 2008), citing, 20 C.F.R. §§ 404.1520, 416.920; *Heston*, 245 F.3d at 534. "If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates." *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by his impairments and the fact that he is precluded from performing his past relevant work." *Jones*, 336 F.3d at 474, cited with approval in *Cruse*, 502 F.3d at 540. If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Commissioner. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006). At the fifth step, the Commissioner is required to show that "other jobs in significant numbers exist in the

national economy that [claimant] could perform given [his] RFC and considering relevant vocational factors." *Rogers*, 486 F.3d at 241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

***C. Analysis and Conclusions***

As noted earlier, Plaintiff raises a single argument on appeal – that the ALJ erred by using Medical-Vocational Rule 204.00 in denying Plaintiff benefits. Any other objections to the ALJ's decision have been waived, as Plaintiff did not raise them in his motion for summary judgment. *See Brainard v. Sec'y of Health and Human Serv's.*, 889 F.2d 679, 681 (6th Cir. 1989).

In appropriate cases, the Medical-Vocational Guidelines at 20 C.F.R. Part 404, Subpart P, Appendix 1 (the Grids) resolve the issue of capability to do other work. If a claimant's RFC does not coincide with the definition of one of the ranges of work because he has nonexertional limitations that may erode the occupational base, the Agency uses the Grids only as a framework and relies on other vocational evidence to determine whether the claimant can still do a significant number of jobs with those nonexertional limitations. *See Burton v. Sec'y of Health & Human Serv's*., 893 F.2d 821, 822 (6th Cir. 1990). Here, the ALJ applied the Grids to direct a finding of "not disabled," but also obtained vocational expert testimony which also supported her step five finding. In her decision, the ALJ found:

> Through the date last insured, [Plaintiff's] ability to perform work at all exertional levels was compromised by nonexertional limitations. However, these limitations had little or no effect on the occupational base of unskilled work at all exertional levels. A finding of "not disabled" is therefore appropriate under the framework of section 204.00 in the Medical-Vocational Guidelines (Tr. 20).

Thus, the ALJ found that Plaintiff's impairments did not preclude him from performing unskilled work, even when he experienced abdominal cramping. *See* SSR 96-9p, 61 Fed. Reg. 34478, 34480 (July 2, 1996) ("in order for a rule to direct a conclusion of 'not disabled,' an individual must also

have no impairment that restricts the nonexertional capabilities to a level below those needed to perform unskilled work, in this case at the sedentary level.").

In *Collins v. Comm'r of Soc. Sec.*, the Sixth Circuit Court of Appeals held that application of the Grids was appropriate in a situation where the ALJ made a step five finding very similar to the one the ALJ made here. *See Collins v. Comm'r of Soc. Sec.*, 357 Fed. App'x. 663, 670-71 (6th Cir. 2009) ("We find that ALJ properly relied on the Grids to find that there is other work in the national economy that claimant can perform and thus claimant is not disabled. At step five in the instant case, the ALJ found: If the claimant has solely nonexertional limitations, section 204.00 in the Medical-Vocational Guidelines provides a framework for decision-making (SSR 85-15). The claimant's ability to perform work at all exertional levels has been compromised by nonexertional limitations. However, these limitations have little or no effect on the occupational base of unskilled work at all exertional levels. A finding of 'not disabled' is therefore appropriate under the framework of section 204.00 of the Medical-Vocational Guidelines.") Thus, the undersigned finds that it was not error for the ALJ to rely on the Grids

Furthermore, even assuming *arguendo* that the ALJ did err in using Medical-Vocational Rule 204.00, the ALJ did not rely solely on the Grids to find Plaintiff "not disabled" at step five of the sequential evaluation. Indeed, although the ALJ determined that Plaintiff's impairments did not result in a more than substantial loss of ability to perform the basic work activities to carry-out unskilled work, she, nevertheless, called upon a vocational expert (VE) to testify about the effects of Plaintiff's functional limitations on the occupational base. At the hearing, the ALJ asked the VE to "assume a person basically who has no exertional limitations" (Tr. 44) and "because of his stomach cramping he at times when these episodes would happen they would actually preclude him

from doing sustained concentration, persistence and pace on complex work, and he could only do simple jobs" (Tr. 46).

The limitations contained in the ALJ's hypothetical to the VE are entirely consistent with the her RFC finding – *i.e.,* that when Plaintiff experienced abdominal cramping, he could perform simple work, but not more than simple work (Tr. 16). The ALJ asked the VE if such an individual "would...then be able to do the full range of light, work, unskilled light work?" (Tr. 46). The VE responded, "[y]es" (Tr. 46). The ALJ followed-up that question with another and asked if such an individual would be able to do the full range of "medium - unskilled medium," and the VE responded, "[y]es" (Tr. 46).

The ALJ then asked what jobs such a hypothetical individual would be able to perform given these limitations, and the VE provided the example of "[i]ndustrial cleaners or janitors and cleaners" of which he indicated there were 71,000 jobs in Michigan (Tr. 47). As the ALJ stated in her decision, "[a]dditionally, per the vocational expert's testimony, even if [Plaintiff] had stomach cramps two or three times per week, he would still be able to perform unskilled medium jobs, such as: industrial cleaner (71,000 jobs); and, in fact, [Plaintiff] could do the full range of unskilled medium jobs" (Tr. 20). The hypothetical the ALJ posed to the VE included all of Plaintiff's limitations to the extent the ALJ found them credible and supported by the evidence of record. Accordingly, the ALJ was entitled to rely on the VE's testimony in response. *See Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 150 (6th Cir. 1996). Thus, the undersigned finds that Plaintiff's challenges to the ALJ's decision are without merit and, as such, the findings and conclusions of the Commissioner should be affirmed.

## III. RECOMMENDATION

Based on the foregoing, it is **RECOMMENDED** that Plaintiff's motion for summary judgment be **DENIED**, that Defendant's motion for summary judgment be **GRANTED** and that the findings and conclusions of the Commissioner be **AFFIRMED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

S/Mark A. Randon
MARK A. RANDON
UNITED STATES MAGISTRATE JUDGE

Dated: February 10, 2011

*CERTIFICATE OF SERVICE*

*I hereby certify that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 10, 2011.*

*S/Melody R. Miles*
*Case Manager to Magistrate Judge Mark A. Randon*
*(313) 234-5542*